

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-65,784-02

### EX PARTE JOHN ALLEN RUBIO

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### IN CAUSE NO. 03-CR-457-B IN THE 138TH JUDICIAL DISTRICT COURT
### CAMERON COUNTY

*Per curiam*.

### **O R D E R**

In August 2010, the trial court appointed David A. Schulman to represent applicant in a post-conviction writ of habeas corpus under Article 11.071.[1] Pursuant to Article 11.071, § 4(a), applicant's application for writ of habeas corpus was originally due in the convicting court on or before December 27, 2011. However, because of difficulties

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

obtaining timely rulings on motions presented to the trial court, counsel failed to timely file a writ application on applicant's behalf. Instead, counsel asked this Court for more time to file under Article 11.071, § 4A. This Court reviewed the case under Article 11.071, § 4A, found that counsel had shown good cause, allowed counsel to continue, and reset the due date to 180 days after the date the order issued. This made the writ application due to be filed in the trial court on or before March 25, 2013.

Because difficulties continued regarding getting pleadings before the trial judge in a timely manner and getting rulings on those pleadings, applicant filed with this Court a second motion for an extension under Article 11.071 § 4A. This Court determined that applicant had again showed good cause and granted him 90 days to finish the investigation and file an application for a writ of habeas corpus.

When applicant presented this Court with a third request for additional time under Article 11.071 § 4A, we found that counsel's showing, in an affidavit which we ordered sealed, failed to show good cause for the third request. Consequently, we gave counsel 30 days from the date of the September 11, 2013 order to file an application in the trial court on applicant's behalf or risk a ruling of contempt. *See* Article 11.071, § 4A. This made the application due in the trial court on or before October 11, 2013.

It has now been more than two years since the application should have been filed in the trial court. Accordingly, the trial court has 90 days to resolve any issues remaining in the case. The clerk should immediately thereafter transmit the complete writ record to

this Court.  Any extensions of time shall be obtained from this Court.

IT IS SO ORDERED THIS THE 16TH DAY OF DECEMBER, 2015.

Do Not Publish